NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0240n.06

Case No. 14-3760

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**

Apr 02, 2015
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) |
| | ) |
| JOHN J. JOHNSON, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |
| _____/ | ) |

**ORDER DISMISSING
INDICTMENT**

**Before: COLE, Chief Circuit Judge; MERRITT and BATCHELDER, Circuit Judges.**

**MERRITT, Circuit Judge.** On April 16, 2013, a grand jury indicted John Johnson for allegedly making a material false statement on his 2006 federal income tax return in violation of 26 U.S.C. § 7206(1). Johnson moved to dismiss the indictment as untimely, arguing that because he filed his 2006 return early, the applicable statute of limitations expired on April 15, 2013—six years after the filing deadline. *See* 26 U.S.C. §§ 6531(5), 6513(a). The district court denied the motion, holding that the indictment was timely under 28 U.S.C. § 7503, which the court believed extended the 2006 filing deadline to April 17 (because April 15 was a Sunday and April 16 was a legal holiday). After the jury returned a guilty verdict, the district court imposed a sentence of one year plus one day in prison, one year of supervised release, and payment of $531,000 in restitution to the IRS. Johnson is currently released on bond pending the outcome of this appeal.

The government now concedes that the indictment was untimely and the criminal action in this case is barred by the statute of limitations. Thus, the parties agree that this case should be remanded to the district court with instructions to dismiss the indictment. Given that the government has confessed error on the statute of limitations issue, the other issues raised by Johnson are now moot.

IT IS SO ORDERED.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk